**Diane Lee Newman, Esquire**
**Attorney ID No. 64630**
**SAND & SAIDEL, P.C.**         **Attorney for Defendants,**
**113 South 21st Street**        **AmeriHealth Caritas**
**Philadelphia, PA**             **and Kathleen Gray**
**(215) 851-0200**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT
## OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN JONES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 14-CV-4689 (RB) |
| | : | |
| v. | : | |
| | : | |
| AMERIHEALTH CARITAS | : | |
| and KATHLEEN GRAY, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS', AMERIHEALTH CARITAS AND KATHLEEN GRAY'S, BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) AND/OR MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f)(2)

Defendants, AmeriHealth Caritas and Kathleen Gray, by and through their counsel, Sand & Saidel, P.C., respectfully submit the within Brief in Support of their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) and/or Motion to Strike Pursuant to Fed.R.Civ.P. 12(f)(2).

### I.    PROCEDURAL HISTORY

Plaintiff, Jonathan Jones, is an employee of Defendant, AmeriHealth Caritas. On August 8, 2014, Plaintiff filed the within action against Defendants, AmeriHealth Caritas and Kathleen Gray. Plaintiff served his Complaint on Defendants by way of United States first-class mail on September 12, 2014, thereby giving Defendants sixty (60) days

to file a response. On September 16, 2014, counsel for Defendants sent a fully-executed Waiver of Service of Summons to Plaintiff's counsel by way of United States first-class mail agreeing to file a response to Plaintiff's Complaint by November 12, 2014.

On November 12, 2014, Defendants filed their Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") and/or Motion to Strike Pursuant to Fed.R.Civ.P. 12(f)(2) ("Rule 12(f)(2)"). On November 26, 2014, Plaintiff filed an Amended Complaint in response. On December 2, 2014, this Honorable Court entered an Order dismissing Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and/or Motion to Strike Pursuant to Rule 12(f)(2) as moot in light of Plaintiff's Amended Complaint. Defendants now bring their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and/or Motion to Strike Pursuant to Rule 12(f)2). .

## II. STATEMENT OF ALLEGED FACTS

Plaintiff's Amended Complaint alleges that Plaintiff has been employed by Defendant, AmeriHealth Caritas, since May 16, 2011. (Complaint, Paragraphs 18, 19). Plaintiff's Amended Complaint alleges that he has been denied promotions, disciplined unfairly, and subjected to unequal pay during his employment. (Complaint, Paragraphs 21, 23, 24, 26, 27, 30, 32, 34, 35, 38). In addition, Plaintiff's Amended Complaint alleges that he has complained to Defendants and the Equal Employment Opportunity Commission ("EEOC") about alleged harassment, discrimination, retaliation and/or unequal pay. (Complaint, Paragraphs 25, 29, 39).

Plaintiff's Amended Complaint alleges that he has been subjected to harassment, discrimination and retaliation based on his race, African-American, and his sex, male,

pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e, et seq.; and, on all aforementioned bases pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq. (Complaint, Counts I and III). Plaintiff further alleges harassment, discrimination and retaliation based on his race pursuant to and the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. §1981. (Complaint, Count II). In addition, Plaintiff alleges discrimination and retaliation based on his pay pursuant to the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §204(d), and the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, et seq. (Complaint, Counts IV and V).

### III. LEGAL STANDARD

When presented with a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the Court must accept as true "all well pled factual allegations of the non-moving party, and must view all reasonable inferences from those facts in the light most favorable to the non-moving party." Bicycle Corp. v. Meridian Bank, C.A. No. 95-6438, 1995 U.S. Dist. LEXIS 17421, at *5 (E.D. Pa. Nov. 21, 1995) (citations omitted). A Complaint will not survive a Motion to Dismiss if it does nothing more than set forth bold conclusions of law that do not have adequate foundations in fact. In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1429 (3d Cir. 1997). A Complaint must be dismissed when the facts alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. Ignatius Press v. Archdiocese of Philadelphia, C.A. No. 97-2854, 1998 U.S. Dist. LEXIS 4367, at *2-3 (E.D. Pa. Mar. 31, 1998). A Complaint must also be dismissed where it appears that the plaintiff cannot prove any facts to support the relief sought. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. Pension Benefit Guarantee Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993). Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment. See Pension Benefit Guarantee Corp., 998 F.2d at 1196-97; Arizmendi v. Lawson, 914 F.Supp. 1157, 1160-61 (E.D.Pa. 1996).

IV. **LEGAL ARGUMENT**

   A. **Plaintiff's Failure to Exhaust His Administrative Remedies With the EEOC Bars Him From Alleging Claims of Race and Sex Harassment, Discrimination and/or Retaliation Against Defendant Pursuant to Title VII.**

In Count I of Plaintiff's Amended Complaint, he alleges claims of race and sex harassment, discrimination and/or retaliation against Defendant, AmeriHealth Caritas, pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (Amended Complaint, Count I). In Paragraph 6 of his Amended Complaint, Plaintiff alleges that "[a]ll conditions precedent to the institution of this suit have been fulfilled" because the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff on May 19, 2014. (Amended Complaint, Paragraph 6). However, in a footnote to that Paragraph, Plaintiff admits that, despite his filing a pro se EEOC Charge in July of 2013, his counsel subsequently filed a second EEOC Charge on

November 4, 2013, Charge Number 530-2014-00969, as well as "an Amended Charge of Discrimination" on November 18, 2013. (Amended Complaint, Paragraph 6, fn 1).

In his Amended Complaint, Plaintiff concedes that his original EEOC Charge was assigned a completely different number, Charge Number 530-2013-02810, and alleges a different date of harm, December 30, 2012, than his second EEOC Charge, Charge Number 530-2014-00969, which alleges October 21, 2013, as the date of harm.[1] Moreover, Plaintiff's original EEOC Charge alleges race and sex discrimination and/or retaliation in connection with being denied a promotion, while his second EEOC Charge alleges retaliation in connection with promotions and wages.[2]

In Paragraph 6 of his Amended Complaint, Plaintiff freely admits that the EEOC has not yet issued a Notice of Right to Sue on his second EEOC Charge, and alleges that he "will seek leave to amend this Complaint" when he receives a Notice of Right to Sue on the second EEOC Charge, "which he has requested," but which he has admittedly not received. (Amended Complaint, Paragraph 6 fn 1). Significantly, Plaintiff removes his previous claim from his original Complaint that "he considers the two Charge Numbers to consist of identical or nearly identical facts." (Complaint, Paragraph 6, fn 1). Despite Plaintiff's tacit admission that his two (2) EEOC Charges contain separate and distinct allegations, which they do, Plaintiff clearly intends to proceed on the allegations in both EEOC Charges in his Amended Complaint. However, conspicuously absent from the Amended Complaint (like the original Complaint) is a copy of the alleged May 19, 2014,

---

[1] Plaintiff's original EEOC Charge, Charge Number 530-2013-02810, with Notices of Charge of Discrimination, dated July 12, 2013, and May 6, 2014, respectively, is attached hereto as Exhibit "1." It should be noted that Defendants were never served with the perfected albeit unsigned EEOC Charge for Plaintiff's first EEOC until it was served by the EEOC on May 6, 2014. Plaintiff's second EEOC Charge, Charge Number 530-2014-00969, consisting of a Notice of Charge of Discrimination dated February 5, 2014, is attached hereto as Exhibit "2."

[2] As set forth in Exhibit "2," no perfected EEOC Charge of discrimination was ever filed regarding Plaintiff's second EEOC Charge; rather, only a Notice of Charge of Discrimination was filed.

5

Notice of Right to Sue from the EEOC demonstrating that Plaintiff exhausted his administrative remedies with the EEOC regarding his original EEOC Charge before he filed the instant lawsuit. Moreover, as set forth above, Plaintiff admits that the EEOC has not even issued a Notice of Right to Sue on Plaintiff's second EEOC Charge, which demonstrates his complete failure to exhaust his administrative remedies with the EEOC regarding his second EEOC Charge before filing the instant lawsuit.

Specifically, it is well settled that prior to filing suit in federal court under Title VII, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC. Tlush v. Manufacturers Resource Center, et al., 315 F.Supp.2d 650, 654 (2002); see 42 U.S.C. §2000e; Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999). In order to file a lawsuit, a plaintiff must first seek a right-to-sue letter from the EEOC. Tlush, 315 F.Supp.2d at 654. In fact, obtaining a right-to-sue letter from the EEOC is a condition precedent to filing lawsuits under Title VII; Story v. Mechling, 412 F.Supp.2d 509 (W.D. Pa. 2006), *quoting,* McNasby v. Crown Cork and Seal Co., 888 F.2d 270, 282 (3rd Cir. 1989) (filing a charge and receiving a right to sue letter are prerequisites to an individual's bringing suit under Title VII). A plaintiff has ninety (90) days from receipt of the right-to-sue letter to file a lawsuit in district court. Tlush, 315 F.Supp.2d at 654; see 42 U.S.C. §§2000e-5(f)(1), 2000e-5(f)(3). Significantly, the Third Circuit has held that exhaustion of an individual's administrative remedies must occur "prior to bringing suit [emphasis supplied]." Freed v. Consolidated Rail Corp., 201 F.2d 188, 191 (3rd Cir. 2000). In fact, in Story, the Court granted summary judgment on plaintiff's Title VII claim because he did not receive a right-to-sue letter from the EEOC until over two months after he filed his lawsuit. Id. at 514.

In the case at hand, Plaintiff has again failed to attach a copy of a right-to-sue letter from the EEOC regarding his original EEOC Charge demonstrating a timely exhaustion of his administrative remedies prior to filing his lawsuit. As set forth above, Plaintiff filed his Complaint against Defendant on August 8, 2014, and he filed his Amended Complaint on November 26, 2014. Although Plaintiff alleges that the EEOC issued a right-to-sue letter to Plaintiff on May 19, 2014, he failed to attach a copy of that letter to his Complaint or Amended Complaint to demonstrate that he had, in fact, exhausted his administrative remedies prior to filing his lawsuit.

Moreover, Plaintiff freely admits that he failed to obtain a right-to-sue letter from the EEOC regarding his second EEOC Charge, which has a different Charge Number, alleges a subsequent date of harm and alleges additional adverse actions. Despite Plaintiff's stated intention to file an Amended Complaint, he <u>still</u> has not to date even received a right-to-sue letter for his second EEOC Charge, therefore failing to demonstrate a timely exhaustion of his administrative remedies with the EEOC prior to filing the instant lawsuit. Because any attempt by Plaintiff to join the allegations of his second EEOC Charge into the instant litigation is premature, any allegations in Plaintiff's second EEOC Charge must be precluded from the instant lawsuit. Because Plaintiff has failed to state a claim under Title VII upon which relief can be granted pursuant to either of his EEOC Charges, his Title VII claims against Defendant AmeriHealth Caritas in Count I of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

  **B.**   **Plaintiff's Failure to Exhaust His Administrative Remedies With the PHRC Bars Him From Alleging Claims of Race and Sex Harassment, Discrimination and Retaliation Against Defendants Pursuant to the <u>PHRA</u>.**

In Count III of Plaintiff's Amended Complaint, he alleges claims of race and sex harassment, discrimination and/or retaliation against Defendants, AmeriHealth Caritas and Kathleen Gray, pursuant to the Pennsylvania Human Relations Act ("PHRA"). (Amended Complaint, Count III). As set forth above, in Paragraph 6 of his Amended Complaint, Plaintiff alleges that he has complied with all administrative prerequisites prior to filing his Amended Complaint. (Amended Complaint, Paragraph 6). Regarding his claims under the Pennsylvania Human Relations Act ("PHRA"), Plaintiff alleges that, "upon information and belief, a Complaint was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") more than one year ago" in connection with his first EEOC Charge. Plaintiff further alleges that his PHRA claims in connection with his second EEOC Charge "were both dual-filed with the PHRC more than one year ago." (Amended Complaint, Paragraph 6). Notably missing is any specific averment that Plaintiff exhausted his administrative remedies with the Pennsylvania Human Relations Commission ("PHRC"), the administrative agency that enforces the PHRA, in connection with either one of his EEOC Charges.

Like Title VII, The PHRA is clear in requiring the exhaustion of administrative remedies prior to instituting a lawsuit. See 43 P.S. §962. The Pennsylvania courts have long recognized that the PHRA requires an exhaustion of administrative remedies. Marcial v. Rawl, et al., 1995 WL 31614 (E.D.Pa. 1995). Pursuant to the PHRA, a person must file a complaint (or charge) of discrimination within 180 days after the alleged act of discrimination. Id.; Parsons v. Philadelphia Office of Drug & Alcohol Abuse, 833 F.Supp. 1108, 1112. (E.D.Pa. 1993); 43 P.S. §959(a), (h). 43 P.S. §962(c)(1) governs the procedural requirements for bringing PHRA claims, and grants the PHRC exclusive

jurisdiction over claims for a period of one year, in order to investigate and, if possible, conciliate the claims. Tlush, 315 F.Supp.2d at 656; see Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 471 (3d Cir. 2001); Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 559 A.2d 917, 920 (1989) ("[t]he legislative history of section 962(c) shows that the Legislature intended that the PHRC should have exclusive jurisdiction of a complaint alleging violations under the PHRA for a period of one year"). After the expiration of the one-year period, a complainant may file a lawsuit regardless of whether he has received a "one-year" letter from the PHRC. Tlush, 315 F.Supp.2d at 656; see Burgh, 251 F.3d at 471.

Applying this binding interpretation of Pennsylvania state law, courts in this district have consistently dismissed PHRA claims filed prior to the expiration of the PHRC's one-year exclusive jurisdiction period. See Lyons v. Springhouse Corp., 1993 WL 69515 at *3 (E.D. Pa. March 10, 1993) (dismissing plaintiff's PHRA claim due to his filing a civil action only six (6) months after filing his charge with the PHRC, thereby failing to exhaust his administrative remedies); see also Nicholls v. Wildon Industries, Inc. 1999 WL 1211656 (E.D. Pa. Dec. 10, 1999) (dismissing plaintiff's PHRA claim for failing to wait a full year prior to filing a writ of summons in Common Pleas Court). Failure to exhaust one's remedies under the PHRA precludes a court from exercising jurisdiction over the party's claim under the PHRA in subsequent litigation. Parsons, 833 F.Supp. at 1112; Clay, 559 A.2d at 920; Schweitzer v. Rockwell Int'l, 402 Pa.Super. 34, 586 A.2d 383 (1990), *allocatur denied*, 529 Pa. 635, 600 A.2d 954 (1991).

As set forth above, Plaintiff's Complaint lacks any specific averment that Plaintiff exhausted his administrative remedies with the PHRC in connection with either one of

9

his EEOC Charges as required by the PHRA. Significantly, Plaintiff has failed to attach any documentation from the PHRC demonstrating a timely exhaustion of his administrative remedies prior to filing his Amended Complaint. Moreover, Plaintiff's counsel admits that Plaintiff's second EEOC Charge was filed in November of 2013, <u>less than one year before he filed his original Complaint on August 8, 2014</u>, thereby failing to demonstrate a timely exhaustion of his administrative remedies with the PHRC prior to filing the instant lawsuit. Therefore, any allegations in Plaintiff's second EEOC Charge must be precluded from the instant lawsuit. Because Plaintiff has failed to state a claim under the PHRA upon which relief can be granted, his PHRA claims against Defendants in Count III of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

**C.** **Plaintiff's Failure to Exhaust His Administrative Remedies With the EEOC and PHRC in Connection with His Claims of Race and Sex Harassment Bars Him From Alleging Those Claims Against Defendants Pursuant to Title VII and the PHRA.**

As set forth above, Counts I and III of Plaintiff's Amended Complaint allege claims of race and sex harassment against Defendants pursuant to Title VII and the PHRA. (Amended Complaint, Counts I and III). As also set forth above, Plaintiff's original EEOC Charge alleges race and sex discrimination and/or retaliation in connection with being denied a promotion, while his second EEOC Charge, a Notice of Charge of Discrimination, alleges retaliation in connection with promotions and wages. Completely absent from either EEOC Charge is any statement, reference or allegation claiming harassment based on either race or sex. Because Plaintiff's claims of race and sex harassment fall outside the scope of his EEOC Charges, he has failed to exhaust his

administrative remedies in connection with any race or sex harassment claims under Title VII and the PHRA.[3]

The test in the Third Circuit for exhaustion of administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Weems v. Kehe Food Distributors, Inc, d/b/a Kehe Distributors, LLC, 804 F.Supp.2d 339, 342 (E.D. Pa. 2011), *quoting* Antol v. Perry, 82 F.3d 1291, 1295-96 (3rd Cir. 1996). As noted by the Eastern District in Weems, numerous courts have dismissed claims that were not within the reasonable scope of the EEOC Charge. Ocasio v. City of Bethleham, No. 08-3737, 2009 WL 37518, at *3 (E.D. Pa. Jan. 7, 2009) (dismissing harassment, hostile work environment and retaliation claims where the EEOC Charge focused on failure to promote); Nerosa v. Storecast Merchandising Corp., No. 02-440, 2002 WL 1998181, at *3 (E.D. Pa. Aug. 28, 2002) (dismissing hostile work environment claim where the EEOC Charge alleged discrimination); Wright v. Phila. Gas Works, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing hostile work environment and retaliation claims where EEOC Charge only alleged racially motivated discharge).

In the instant case, Plaintiff's original EEOC Charge, albeit unsigned by Plaintiff, which is the only EEOC Charge for which Plaintiff has obtained a right-to-sue letter, alleges solely race and sex discrimination and retaliation in connection with an alleged failure to promote and internal complaints. His second EEOC Charge, a Notice of Charge of Discrimination, alleges retaliation in connection with promotions and wages.

---

[3] Moreover, as set forth above, Plaintiff's attempt to join his second EEOC Charge into the instant litigation is premature is he admittedly has not received a right to sue letter yet. Moreover, as also set forth above, his original Complaint was filed in August of 2014, less than one year after he filed his second EEOC Charge, thereby failing to fulfill the procedural requirements under the PHRA.

There is nothing in either EEOC Charge that would support a claim of race or sex harassment against either Defendant or that would lead to an investigation of harassment claims.[4] Because Plaintiff's claims of race and sex harassment in his Amended Complaint clearly fall outside the scope of his EEOC Charges, he has failed to exhaust his administrative remedies in connection with any race or harassment claims against Defendants under Title VII or the PHRA. Therefore, Plaintiff's race and sex harassment claims against Defendants in Count I and II of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

### D. Plaintiff Has Failed to State a Claim of Race Harassment, Discrimination and/or Retaliation Against Defendant Pursuant to Section 1981.

Count II of Plaintiff's Amended Complaint purports to allege claims of race harassment, discrimination and/or retaliation against Defendant, AmeriHealth Caritas, pursuant to 42 U.S. C. §1981. (Amended Complaint, Count II). To state a claim under Section 1981, a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and, (3) the discrimination concerned the making and enforcing of a contract. Coles v. Ritz Carlton Residence, et al., 2013 WL 5842958 (E.D. Pa. Oct. 30, 2013), at *1; Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3rd Cir. 2002). "[A] plaintiff cannot state a claim under Section 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes to 'make and enforce.'" Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 479, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006).

---

[4] As noted above, Plaintiff's attempt to join his second EEOC Charge into the instant litigation is premature is he admittedly has not received a right to sue letter yet. In addition, since his original Complaint was filed in August of 2014, less than one year after he filed his second EEOC Charge, thereby failing to fulfill the procedural requirements under the PHRA.

12

Plaintiff's Amended Complaint makes general allegations of harassment, discrimination and retaliation based on his race and sex during his employment with Defendant, AmeriHealth Caritas. Plaintiff alleges that he was denied promotions, disciplined unfairly, subjected to unequal pay and retaliated against for making complaints to Defendant about these matters. (Amended Complaint, Paragraphs 22 to 36). In Paragraph 39 of his Amended Complaint, Plaintiff alleges that he was discriminated against and harassed in violation of, *inter alia*, Section 1981. (Amended Complaint, Paragraph 39).

In Count II of his Amended Complaint, Plaintiff alleges harassment, discrimination and retaliation based on his race and sex. (Amended Complaint, Count II, Paragraph 57). It goes without saying that Plaintiff's allegations of sex discrimination are not covered by Section 1981, which pertains only to discrimination based on race. Coles, *supra*, at *1. However, Plaintiff fails to make out a case of race discrimination under Section 1981 because he has failed to identify an existing contract under which he has rights that he wishes to enforce. Plaintiff further fails to allege that the alleged discrimination to which he was subjected concerned the enforcement of an existing contract. Coles, *supra*, at *1. Without more, Plaintiff cannot assert a cause of action for race discrimination under Section 1981.

As set forth above, Plaintiff has failed to satisfy his burden of proving a *prima facie* case of race harassment, discrimination and/or retaliation under Section 1981. Therefore, his claims of race discrimination in Count II of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

    **E.**    **Plaintiff Has Failed to State a Claim of Wage Discrimination Against Defendant Pursuant to the EPA.**

Count IV of Plaintiff's Amended Complaint purports to allege a claim of wage discrimination against Defendant AmeriHealth Caritas pursuant to the EPA. (Amended Complaint, Count IV). In order to establish a *prima facie* case under the EPA, a plaintiff must show that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort and responsibility; and, (3) the job are performed under similar working conditions. Lavin-McEleney v. Marist College, 239 F.3d 476, 480 (2nd Cir. 2001), 20 U.S.C. §206(d)(1). Warren v. Solo Cup Company, 516 F.3d 627, 629 (7th Cir. 2008).

The comparison must be made "factor by factor" with the comparator of the opposite sex." Strag v. Board of Trustees, Craven Community College, 55 F.3d 943, 948 (4th Cir. 1995). In addition, the plaintiff must identify a particular comparator of the opposite sex for purposes of the inquiry and may not compare himself to a hypothetical or "composite" comparator of the opposite sex. Id.

In Plaintiff's Amended Complaint, he alleges that, "upon information and belief," he was being paid at rates less than the rates it pays female…employees…" (Amended Complaint, Paragraph 22). In Paragraphs 35 and 40 of his Amended Complaint, Plaintiff makes vague allegations of being paid at a lower pay rate than female employees, naming three (3) alleged coworkers without identifying their job titles or rate of pay. (Amended Complaint, Paragraphs 35, 40). These vague allegations are clearly insufficient to establish a cause of action under the EPA as they fail to set forth a specific factor by factor comparison with a female comparator in the same position as him with similar education and experience. Moreover, as set forth above, Plaintiff's first EEOC Charge, the only EEOC Charge for which he has obtained a right-to-sue letter, alleges solely race

14

and sex discrimination and retaliation in connection with an alleged failure to promote and internal complaints. There is nothing in that EEOC Charge that would support a claim of wage discrimination against Defendant AmeriHealth Caritas that would lead to an investigation of such claims.

Plaintiff has failed to adduce sufficient evidence to establish a cause of action of wage discrimination under the EPA because he has failed to perform a specific factor by factor comparison with a female comparator in the same position as him with similar education and experience. Because Plaintiff has failed to make out a <u>prima facie</u> case of wage discrimination under the EPA, his EPA claim against Defendant in Count IV of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

### F. Plaintiff Has Failed to State a Claim of Retaliation Against Defendant Pursuant to the FLSA.

Count V of Plaintiff's Amended Complaint purports to allege a claim of retaliation against Defendant AmeriHealth Caritas pursuant to the FLSA. (Amended Complaint, Count V). In order to establish a *prima facie* case under the FLSA, a plaintiff must show that (1) he is an employee of the Defendant; (2) his work involves some kind of interstate activity; and, (3) the approximate number of hours worked for which Plaintiff did not receive alleged wages. <u>Scott v. Bimbo Bakeries, USA, Inc., et al.</u>, (2012 WL 645905 (E.D. Pa.)), *citing* <u>Zhong v. August August Corp</u>., 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). Section 215(a)(3) of the FLSA prohibits retaliation when an employee "has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. 215(a)(3).

15

Plaintiff's Amended Complaint does not contain sufficient facts to state a cognizable claim of retaliation against Defendant under the FLSA. In Paragraphs 22, 36 and 38 of his Amended Complaint, Plaintiff alleges that he has been subject to retaliation for his complaints about unequal pay. (Amended Complaint, Paragraphs 22, 36, 38). However, Plaintiff does not provide any specifics about his alleged complaints about unequal pay, with the exception of one alleged "Human Resources employee," such as the dates of his complaints, to whom the complaints were made or the specifics of his complaints.

In Paragraph 41 of his Amended Complaint, Plaintiff accuses AmeriHealth Caritas of continuing to retaliate against him because of his "complaints" in violation of the FLSA. (Amended Complaint, Paragraph 41). Plaintiff fails to provide any specifics about the alleged retaliation and again fails to provide any information about his alleged complaints, when they were made and to whom they were made. Although Plaintiff alleges that he complained to the EEOC, his first EEOC Charge, which is the only EEOC Charge for which he has obtained a right-to-sue letter, alleges solely race and discrimination and retaliation in connection with an alleged failure to promote in July of 2012 and internal complaints about being chastised by a coworker and, as such, would not put AmeriHealth Caritas on notice that he complained about alleged violations of the FLSA. It should be further noted that Plaintiff's first EEOC Charge was not served on Defendants until May 6, 2014, three (3) months before he filed his original Complaint, and because it did not contain any allegations of FLSA violations would not have put Defendant on notice of any alleged FLSA violations.

Moreover, with the exception of his alleged complaint to a "Human Resources employee," Plaintiff fails to identify whether his complaints were informal complaints to Defendant or formal complaints to an outside agency or tribunal. Indeed, the only outside agency that Plaintiff alleges he complained to was the EEOC, which does not have jurisdiction over the FLSA. The Third Circuit has not ruled directly on whether an informal complaint to an employer is actively protected by the FLSA. Scholly v. JMK Plastering, Inc., 2008 WL 2579729 (E.D. Pa. 2008). Therefore, notwithstanding the vagueness of Plaintiff's allegations, assuming that his complaints were informal, they do not fall under the definition of activity protected by the FLSA. Because Plaintiff has failed to make out a prima facie case of retaliation under the FLSA, his FLSA claim against Defendant in Count V of his Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

### G. Plaintiff's Request for a Jury Trial for His PHRA Claims Must be Stricken From the Amended Complaint.

Plaintiff's Amended Complaint demands a jury trial, presumably all Counts. However, it is well settled that the PHRA does not provide for jury trials. 43 P.S. Section §962(c)(3); see Wertz v. Chapman Township, 559 Pa. 630, 741 A.2d 1272 (1999). Specifically, the PHRA provides in relevant part that:

> If the court finds the respondent has engaged in such discriminatory practices charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include, but is not limited to, reinstatement or hiring of employees, granting of back pay, or any other legal or equitable relief as the court deems appropriate.

43 P.S. Section §962(c)(3).

In Wertz, the Pennsylvania Supreme Court performed a thorough analysis of the PHRA and its legislative history and found that neither provided any indication that the General Assembly intended for a plaintiff to have a right to a trial by jury. Id. The Court also rejected the plaintiff's assertion that the provision for "legal" relief in the PHRA necessarily means that the General Assembly intended that a plaintiff be entitled to a jury trial under the PHRA. Id. Accordingly, the Court concluded that the General Assembly did not intend for a plaintiff to have a right to a jury trial for claims under the PHRA. Id.

Because Plaintiff is not entitled to a jury trial on her PHRA claims, any request for a jury trial on those claims must be stricken from his Amended Complaint. Therefore, Defendant respectfully requests that Plaintiff's demand for a jury trial on his PHRA claims be stricken from his Amended Complaint pursuant to Rule 12(f)(2).

### H. Plaintiff's Request for Compensatory Damages for Pain and Suffering and Punitive Damages Pursuant to His EPA and FLSA Claims Must be Stricken From the Amended Complaint.

As set forth above, the "Relief" Section of Plaintiff's Amended Complaint generally requests relief in the form of, *inter alia*, compensatory damages in the nature of "past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering"; and, punitive damages for Defendant AmeriHealth Caritas' alleged "retaliation against Plaintiff for his EPA complaints in violation of the FLSA." (Amended Complaint, Relief Section, Paragraphs (i), (k)). Plaintiff also seeks compensatory damages for pain and suffering pursuant to his Title VII, PHRA and Section 1981 claims and punitive damages pursuant to his Title VII and Section VII claims. (Id.).

18

Plaintiff fails to recognize in his Relief Section that compensatory damages for pain and suffering and punitive damages are not available under the EPA and the FLSA. Plaintiffs suing under the EPA may receive back pay and an additional equal amount as liquidated damages. Neibauer v. Philadelphia College of Pharmacy and Science, 1992 WL 151321, at *7 (E.D.Pa. 1992); 29 U.S.C. §216(b). However, the EPA does not allow for the award of additional damages beyond its statutory provisions; rather, it limits the availability of damages to those specifically provided by Congress. Neibauer at *7 (plaintiff's request for damages was limited to those allowable under the EPA). Because it may be inferred that compensatory damages for pain and suffering and punitive damages are not available under the EPA, and any claim for such relief by Plaintiff in his Amended Complaint must be stricken from his Amended Complaint pursuant to Rule 12(f)(2).

The FLSA provides that an employer that violates the provisions of Sections 206 or 207 of the FLSA is liable to their employees "in the amount of their unpaid minimum wages, or unpaid overtime compensation…and in an additional amount as liquidated damages." Martin v. Selker Brothers, Inc., 949 F2d 1286, 1299 (3rd Cir. 1991); 29 U.S.C. §216(b). Liquidated damages are compensatory rather than punitive in nature and compensate employees for the losses they may have suffered by the delay in their not receiving their proper wages at the time they were due. Martin, 949 F.2d at 1299. As with the EPA, compensation damages for pain and suffering and punitive damages are not available under the FLSA. Therefore, any claim for such relief by Plaintiff in his Amended Complaint under the EPA and the FLSA must be stricken from his Amended Complaint pursuant to Rule 12(f)(2).

Pursuant to the clear language of the EPA and FLSA as well as the controlling case law, compensatory damages for pain and suffering and punitive damages are not available remedies under the EPA and the FLSA. Therefore, Defendant respectfully requests that Plaintiff's request for any or all of these damages pursuant to his EPA and FLSA claims be stricken from his Amended Complaint pursuant to Rule 12(f)(2).

## V. CONCLUSION

For all of the foregoing reasons, Defendants, AmeriHealth Caritas and Kathleen Gray, respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In the alternative, Defendants respectfully request that this Honorable Court strike from Plaintiff's Amended Complaint: Plaintiff's demand for a jury trial under the PHRC; and, Plaintiff's request for compensatory damages for pain and suffering and punitive damages under the EPA and FLSA pursuant to Fed.R.Civ.P. 12(f)(2).

Respectfully submitted,

SAND & SAIDEL, P.C.

BY: /DLN6576
_____
Diane Lee Newman, Esquire
Attorney ID No. 64630
Attorney for Defendants,
AmeriHealth Caritas
and Kathleen Gray